# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In Re:**
**JORGE CANELLAS,**
      **Debtor.**


**CARLA MUSSELMAN, as Trustee for the**
**Bankruptcy Estate of Jorge Canellas,**

      **Appellant,**

**-vs-**             **Case No. 6:11-cv-1247-Orl-28DAB**
             **Bankr. Ct. Case No. 6:09-bk-12240-ABB**
               **Adv. Pro. No. 6:10-ap-00229-ABB**

**U.S. BANK NATIONAL ASSOCIATION,**
**as Trustee of the Lehman Brother Small**
**Balance Commercial Mortgage Pass-**
**Through Certificates, 2006-3,**

      **Appellee.**
_____

# ORDER

  The facts giving rise to this bankruptcy appeal began to unfold in August 2006, when Jorge Canellas, the debtor in the bankruptcy proceedings below, borrowed $274,500 from Lehman Brothers Bank FSB ("Lehman Brothers Bank"), a subsidiary of Lehman Brothers Bankcorp, Inc. In consideration for the loan, Mr. Canellas executed a promissory note ("the Note") as well as a mortgage ("the Canellas Mortgage") encumbering a parcel of commercial real property that Mr. Canellas owned in Orlando, Florida. At its inception, the arrangement between Mr. Canellas and Lehman Brothers Bank was a traditional bank loan, but

complications due to pooling mortgages for securitization became evident after Mr. Canellas filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on August 21, 2009.

A few months after the loan transaction, Lehman Brothers Bank and U.S. Bank National Association ("U.S. Bank") agreed to create the "2006-3 Trust," with the trust property consisting of a pool of securitized mortgages. (Pooling and Servicing Agreement ("PSA"), Doc. 11-1). This pool of mortgages was supposed to include the Canellas Mortgage, but the Canellas Mortgage was not assigned or delivered at the time. The PSA also provided that Lehman Brothers Bank would continue to service the mortgages that were part of the 2006-3 Trust and that U.S. Bank was the Trustee. The 2006-3 Trust became effective on November 30, 2006. In April 2009, the name of Lehman Brothers Bank was changed to Aurora Bank, FSB ("Aurora").

On September 28, 2009, after Mr. Canellas filed for bankruptcy protection, an officer of Aurora executed an assignment of the Canellas Mortgage to the 2006-3 Trust, and another Aurora employee prepared an allonge ("the Allonge") to be attached to the Note. The next day, Aurora attached the Allonge to the Note. Aurora maintained possession of the Note and Allonge until December 10, 2009, when these instruments, along with the Canellas Mortgage, were delivered to the attorneys for U.S. Bank. It was Aurora's intent that the assignments to the 2006-3 Trust have retroactive effect to November 30, 2006, the date the 2006-3 Trust went into effect. U.S. Bank then filed a claim in the bankruptcy case seeking a secured claim for the unpaid balance of the Canellas Mortgage.

Disputing U.S. Bank's claim to secured creditor status, Appellant Carla P. Musselman,

Trustee of the Bankruptcy Estate of Jorge Canellas ("the Bankruptcy Trustee") filed an adversary proceeding against U.S. Bank, challenging U.S. Bank's ownership of the Note and seeking to avoid the lien created by the Canellas Mortgage. The Amended Complaint pleads three causes of action against U.S. Bank: (1) Disallowance of U.S. Bank's Secured Claim; (2) avoidance of Lien Pursuant to 11 U.S.C. § 506(d); and (3) Subordination and Transfer of Lien Pursuant to 11 U.S.C. § 510(c). These claims are all based on the Bankruptcy Trustee's position that the September 2009 assignment of the Canellas Mortgage and Allonge executed by Aurora were ineffective to convey a secured ownership interest in repayment of the Note to U.S. Bank.

Both the Bankruptcy Trustee and U.S. Bank moved for summary judgment. The bankruptcy judge disposed of both summary judgment motions in the same Order (Doc. 1-3) because they presented the same legal issues. Determining that there were no material issues of fact, the bankruptcy judge granted U.S. Bank's motion and denied the Bankruptcy Trustee's motion. In doing so, the bankruptcy judge determined that the Bankruptcy Trustee's "arguments are irrelevant to whether U.S. Bank's Claim 7 is allowable," (id. at 6), and that "U.S. Bank is the holder of the Note and the owner of the [Canellas] Mortgage, which attached to the Property pre-petition," (id. at 4). It is from this Order that the Bankruptcy Trustee appeals.

There are two issues on appeal. The first is whether the Bankruptcy Court erred in determining that the Aurora employees had authority to assign the Note and the Canellas Mortgage to the 2006-3 Trust. The second issue is whether the bankruptcy court erred in failing to consider the Bankruptcy Trustee's argument that the assignment of the Note and

the Canellas Mortgage to the 2006-3 Trust was void because it failed to comply with the terms of the PSA.

**I. Standard of Review**

The Court reviews "the bankruptcy court's factual findings for clear error and its resolution of any legal questions *de novo*." Coady v. D.A.N. Joint Venture III, L.P. (In re Coady), 588 F.3d 1312, 1315 (11th Cir. 1999). The determination that the Aurora employees had authority to assign the Note and the Canellas Mortgage involves both a finding of fact and a conclusion of law, while the determination that non-compliance with the PSA is irrelevant to this proceeding purely a conclusion of law. The standards of review will be employed accordingly.

**II. Discussion**

    **A. Authority to Assign**

The Bankruptcy Trustee argues that there are at least issues of material fact as to whether the Aurora employees had authority to assign the Note and the Canellas Mortgage to the 2006-3 Trust. Even if the Aurora employees did not have actual authority at the time they signed the assignment and the Allonge, however, it is clear that Aurora has adopted and ratified the employees' actions. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1355 (11th Cir. 2011) ("Ratification of an agreement occurs where a person expressly or impliedly adopts an act or contract entered into in his or her behalf by another without authority." (quotation omitted)); Vargas Realty Enters., Inc. v. CFA W. 111 St., LLC (In re Vargas Realty Enters., Inc.), 440 B.R. 224, 235 (Bankr. S.D.N.Y. 2010) ("Ratification is the express or implied adoption, *i.e.*, recognition and approval, of the unauthorized acts

of another." (quotation omitted)). Therefore, the bankruptcy court did not err in determining that there was no genuine issue of material fact regarding the Aurora employees' authority.

### **B. Validity of the Assignment**

The Bankruptcy Trustee also argues that because the assignment occurred beyond the time period required by the PSA, it was void. This argument is based on New York trust law, which states that "every act in contravention of the Trust is void." Dye v. Lewis, 324 N.Y.S.2d 172, 175 (Sup. Ct. 1971) (citing N.Y. Est. Powers & Trusts Law § 7-2.4). U.S. Bank, on the other hand, asserts that the Bankruptcy Trustee does not have standing to challenge compliance with the PSA. U.S. Bank's argument is well-taken.

U.S Bank challenges the Bankruptcy Trustee's prudential, rather than constitutional, standing. "[T]he prudential standing doctrine . . . comprises three non-constitutional, non-jurisdictional, policy-based limitations on the availability of judicial review." Mulhall v. UNITE HERE Local 355, 618 F.3d 1279, 1290 (11th Cir. 2010). In order to establish prudential standing, "the plaintiff's complaint [must] fall within the 'zone of interests' protected by the statute or constitutional provision at issue"; the complaint cannot "require the court to pass on abstract questions or generalized grievances better addressed by the legislative branches"; and the plaintiff must "assert his or her own legal rights and interests rather than the legal rights and interests of third parties." Id. U.S. Bank argues that the Bankruptcy Trustee fails the last requirement because she is attempting to assert the rights of third parties–the parties to the PSA.

The Bankruptcy Appellate Panel of the First Circuit recently addressed a similar argument in Correia v. Deutsche Bank National Trust Co., 452 B.R. 319 (B.A.P. 1st Cir.

2011). In Correia, the debtors in a bankruptcy proceeding challenged the foreclosure sale of their property. Id. at 321. The foreclosure was pursuant to a note and mortgage originally executed in favor of IndyMac F.S.B. ("IndyMac"). Id. The note was then transferred to Deutsche Bank National Trust Company ("Deutsche Bank"), and it and the mortgage were combined with other notes and mortgages into a trust via a pooling and servicing agreement similar to the one at issue here. Id. Under the pooling and servicing agreement, Deutsche Bank was appointed the trustee and IndyMac the servicing agent, id.–just as U.S. Bank was named trustee and Lehman Brothers Bank was named servicer in this case. After the debtors defaulted, Deutsche Bank foreclosed upon the debtor's property. Id. The debtors then challenged the validity of the foreclosure sale, asserting the same argument that the Bankruptcy Trustee advances here–that the assignment was flawed because it did not comply with the terms of the pooling and servicing agreement. Id.

The Correia court rejected this argument, concluding that the debtors lacked standing to challenge compliance with the pooling and servicing agreement because the debtors were not parties or third-party beneficiaries to the agreement, nor were they investors who purchased securities based upon the pooled mortgages. Id. at 324. Accordingly, the court held that the debtors lacked prudential standing because they were attempting to assert the rights and interests of a third party, not their own. Id. Like the debtors in Correia, the Bankruptcy Trustee in this case does not have standing to challenge compliance with the PSA because neither she nor Mr. Canellas was a party to the PSA, a third-party beneficiary, or an investor in the pooled mortgages at issue.

### **III. Conclusion**

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Order of the bankruptcy court granting summary judgment to U.S. Bank (Doc. 1-3) is **AFFIRMED**. The Clerk is directed to enter judgment affirming the decision of the bankruptcy court and thereafter to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 14th day of March, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party